UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SID BERNSTEIN PRESENTS, LLC,

        Plaintiff,

   -against-

APPLE CORPS LIMITED and SUBAFILMS
LIMITED,

        Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 7084 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Sid Bernstein Presents, LLC ("SBP"), brought this action against Defendants Apple Corps Limited ("Apple Corps") and Subafilms Limited ("Subafilms") (collectively "Defendants"), alleging copyright infringement and seeking a declaration of rights in the "Master Tapes" and its derivative works, as well as damages for the Defendants' alleged copyright infringement based on Defendants' use of the raw audiovisual footage belonging to Plaintiff. (Compl., ECF No. 1, at 17–19.) SBP is the owner by assignment of all the intellectual property rights of the late music producer Sid Bernstein. (*Id.* ¶¶ 8–9.) Defendant Apple Corps was founded by members of The Beatles; Defendant Subafilms is its subsidiary. (*Id.* ¶¶ 2–3.)

  Defendants moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mot. to Dismiss, ECF No. 19.) This Court granted Defendants' motion to dismiss the complaint. (Mem. Decision & Order ("Order"), ECF No. 47, at 6–14.) Defendants also moved for sanctions against Plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure. (Defs.' Sanctions Mot., ECF No. 25.) This Court denied Defendants' motion for sanctions, finding that although Plaintiff failed to state a plausible claim for relief, "the filings [did] not support a conclusion that the claims were clearly frivolous or were

alleged in bad faith." (Order at 15–16.) As the prevailing party, Defendants moved for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505, Rule 54 of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Civil Rules. (Defs.' Mot. For Att'ys' Fees and Costs, ECF No. 49.)

This matter was referred to Magistrate Judge Kevin N. Fox. (ECF No. 58.) Before this Court is Magistrate Judge Fox's January 25, 2018 Report and Recommendation (Report, ECF No. 63), recommending that this Court grant the Defendants' motion for costs in the amount of $1,159.01, but award no attorneys' fees due to Defendants' failure to establish a basis for determining reasonable attorneys' fees.[1] (*Id.* at 19.) In his Report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 20); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Both Plaintiff and Defendants filed timely objections to the Report. (*See* Pl. Obj. to Report ("Pl. Obj."), ECF No. 65; Defs. Obj. to Report ("Defs. Obj."), ECF No. 64.)

There is no clear error on the face of the record as to those portions of the report to which no objections were made. This Court considered the issues raised in Plaintiff's and Defendants' objections and reviewed *de novo* the objected-to portions of the Report. This Court ADOPTS Magistrate Judge Fox's recommendation that Defendants are entitled to attorneys' fees and costs, and REJECTS the recommendation that such costs cannot be reasonably calculated.

Defendants' motion for attorneys' fees and costs is GRANTED. Plaintiff shall pay Defendants' reasonable fees in the amount of $83,417.45 and costs in the amount of $1,159.01.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

2

## I. LEGAL STANDARD

A court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the court may adopt the report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the report, the court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory, repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

Courts have discretion in deciding whether to award costs and attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). In exercising this discretion, courts deciding whether to award costs and attorneys' fees under § 505 should consider "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009) (quoting *Fogerty*, 510 U.S. at 534 n.19) (internal quotation marks and citations omitted). In calculating the amount of attorneys' fees to award, courts may consider other factors, including the financial resources of the losing party. *See Peyser v. Searle Blatt & Co.*, No. 99 Civ. 10785 (WK), 2001 U.S. Dist. LEXIS 20844, at *20 (S.D.N.Y. Dec. 13, 2001) ("The aims of the Copyright Act are

compensation and deterrence where appropriate, but not ruination.") (internal quotation marks and citations omitted).

## II. PLAINTIFF'S OBJECTIONS

Plaintiff objects primarily to Magistrate Judge Fox's conclusion that the *Fogerty* factors weigh in favor of granting Defendant attorneys' fees. Plaintiffs specifically object to the Report's findings regarding the following *Fogerty* factors: (1) objective unreasonableness; (2) compensation and deterrence; and (3) the relative financial situation of the parties. (*See* Pl. Obj. at 2.)

Plaintiff objects that its litigation position was not objectively unreasonable because, in denying Defendants' motion for sanctions, this Court necessarily found that Plaintiff's claims were not objectively unreasonable. (*Id.*) Plaintiff maintains, therefore, that under the doctrine of law of the case, this Court's previous finding that Plaintiff's positions "were not frivolous under an objectively unreasonable standard" should be controlling in this subsequent stage of the litigation. (*Id.* at 3–4.) Plaintiff maintains further that the "objectively unreasonable" standard under Rule 11 is not substantively different from the "objectively unreasonable" standard under Section 505. (*Id.* at 4; *see also id.* at 2 ("[T]he cited case of *Margo v. Weiss* . . . makes clear that the Rule 11 *standard* is substantively the same as the objective unreasonableness *factor* . . . under Section 505 of the Copyright Act.").) Furthermore, Plaintiff argues that based on the Circuit split concerning whether the mere registration of a copyright can trigger the statute of limitations, Plaintiff's argument that its claims were not time-barred was "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." (*Id.* at 5–7.) Plaintiff further objects that *Fogerty*'s compensation and deterrence factors do not support an award of attorneys' fees for the same reasons. (*See id.* at 8–9.)

4

Plaintiff also objects that "the great financial disparity between the financial resources of Plaintiff and the Defendants" weighs against awarding attorneys' fees. (*Id.* at 12.) Plaintiff notes that Defendants did not object to Plaintiff's assertion that Defendants "are highly successful and well-heeled corporations with substantial assets and income." (*Id.* at 9.) Plaintiff also asks this Court to take judicial notice of a third-party report demonstrating the size of Defendants' "substantial assets and income." (*Id.* at 10.) Plaintiff notes, in contrast, its own poor financial condition. (*Id.*)

### III. DEFENDANTS' OBJECTIONS

Defendants object to the Report's conclusion that attorneys' fees could not be reasonably calculated. (Defs. Obj. at 1–2.) Defendants argue that they adhered "to all of the requirements of the Federal Rules of Civil Procedure and Second Circuit case law," by providing the amount of attorneys' fees sought along with "contemporaneous billing records specifying a description of the services, the date, who performed the work, their hourly rate, and the time expended." (*Id.*) Furthermore, Defendants note, because "SBP never objected to counsel's hourly rates or the evidentiary submission," it failed to meet its burden once Defendants established that the attorneys' fees are "presumptively reasonable." (*Id.* at 2.) Specifically, Defendants argue that SBP never challenged either "the hourly rates of Defendants' counsel, or contended they are not in line with those prevailing in this District." (*Id.* at 3.) Defendants conclude "that it would be an unreasonably harsh result" to deny their recovery "in light of the Magistrate Judge's finding of a clear entitlement to attorneys' fees." (*Id.*)

### IV. ATTORNEYS' FEES ARE WARRANTED

The Report properly concluded that Defendants are entitled to attorneys' fees. With respect to the first *Fogerty* factor, the gravamen of Plaintiff's objection is that the Report made an

5

independent determination that, despite this Court's previous findings that Rule 11 sanctions were not warranted against Plaintiff's counsel, attorneys' fees may nevertheless be awarded. (Pl. Obj. at 2–5.) In support of its argument, Plaintiff principally relies on *Margo v. Weiss*, No. 96 Civ. 3842 (MBM), 1998 U.S. Dist. LEXIS 17258, at *2 (S.D.N.Y. Oct. 28, 1998). There, however, it was the parties, not the court, who decided that the standards under Rule 11 and § 505 were the same. *See id.* at *2 ("The two sides appear to agree that the standard under both the statute and the Rule is the same"). Moreover, the court expressly cast doubt on whether that position was a correct one. (*See id.*) Thus, Plaintiff has failed to cite *any* authority for the proposition that just because a claim is not frivolous for purposes of Rule 11, attorneys' fees may not be awarded under § 505. (*See* Report at 11.)

The Report correctly found that the Plaintiff's litigation position was objectively unreasonable within the meaning of § 505. (*Id.* at 12.) As the Report noted, "the clear and unambiguous terms of the contracts at issue in this action" provide that the "Master Tapes" and its derivative works belong to Nems Enterprises, Ltd. ("Nems"). (*Id.*) Nems used the "Master Tapes" to produce the movie "The Beatles at Shea Stadium," and Nems assigned ownership of the copyright in that movie to Subafilms. (*Id.* at 2.) Furthermore, Plaintiff's claims were plainly time-barred, as they accrued at least by March 1991—three years after Subafilms obtained the copyright registration for the movie. (*Id.* at 12–13.) As such, the Report correctly found that the objectively unreasonable factor carries significant weight and militates in favor of awarding attorneys' fees under Section 505. (*Id.* at 13.) *See Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 294 (S.D.N.Y. 2008) ("Objective unreasonableness of a party's claims or defenses is sufficient to subject a party to an award of attorneys' fees under § 505.") (quoting *Matthew Bender & Co. v. West Publ'g. Co.*, 240

6

F.3d 116, 121–22 (2d Cir. 2001) (citations omitted); *see also Matthew Bender & Co.*, 240 F.3d at 122 ("An objectively unreasonable argument is not necessarily frivolous or made in bad faith.").

Although the objective unreasonableness of Plaintiff's litigation position alone may suffice to award Defendants with attorneys' fees, considerations of compensation and deterrence also militate in favor of awarding attorneys' fees in this case. The Report properly found that "an award of attorneys' fees and costs in this case will advance the purposes of the Copyright Act by compensating the defendants for expending the time and incurring the expense of defending this action." (Report at 14.) Furthermore, such an award will deter others "from pursuing meritless claims, such as those asserted in this action." (*Id.*) Plaintiff is correct to note "the great financial disparity between the financial resources of Plaintiff and the Defendants." (*See* Pl. Obj. at 9–12.) However, all other *Fogerty* factors outweigh the single "financial disparity" factor noted by Plaintiff. Accordingly, the Report was correct in determining that attorneys' fees are warranted.

This portion of the Report is therefore ADOPTED.

## V. ATTORNEYS' FEES CAN BE REASONABLY CALCULATED[2]

The portion of the Report denying Defendants' reasonable attorneys' fees, however, is REJECTED because fees for the attorneys who worked on this matter, from the filing of the complaint through the decision on the motion to dismiss, may be reasonably calculated.

### A. Reasonable Hourly Rates

The two primary attorneys who worked on this matter, Paul LiCalsi and Michael Kolcun, charged reasonable hourly rates. A reasonable hourly rate is generally calculated by reference to

---

[2] In both its opposition (to Defendants' motion for attorneys' fees) and objections to the Report, Plaintiff never challenged the rates charged by Defendants' counsel as not being in line with prevailing hourly rates in this District. Nor did it ever contend that the number of hours expended in obtaining dismissal of Plaintiff's complaint was not reasonable.

7

the prevailing hourly rates in the district where the court sits for attorneys of "comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). To receive attorneys' fees, a party "must document [its] application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Courts may then award "presumptively reasonable [attorneys'] fee[s]" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). "[C]ontemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done," are a "prerequisite" for attorneys' fees. *Carey*, 711 F.2d at 1147–48.

Defendants seek reimbursement for LiCalsi's work in this matter at a rate of $630 per hour. (Decl. of Paul LiCalsi ("LiCalsi Decl."), ECF No. 51, ¶ 5.) Based on his declaration and firm biography, LiCalsi is an experienced trial attorney with over thirty-five years of experience and co-leader of Robins Kaplan LLP's ("Robins Kaplan") Entertainment and Media group. (LiCalsi Decl. ¶ 5; *see also* LiCalsi Decl., Ex. B, ECF No. 51-4.) As evidenced by his list of representative matters, he has also litigated numerous intellectual property cases. (*Id.*) This rate is within the range of fees recently authorized for similarly experienced attorneys in this District involved in copyright infringement actions. *See TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529 (AJN), 2016 WL 1029553, at *5 (S.D.N.Y. Mar. 9, 2016) (approving rates of $675 per hour and $678.23 per hour for experienced law firms partners in a copyright infringement action); *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at

*2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour.").

Similarly, the rates for Kolcun, a senior associate at Robins Kaplan, are also reasonable. Kolcun seeks reimbursement for his work on this matter at a rate of $337 per hour for 2015, $405 per hour for 2016, and $418 per hour for 2017. While Kolcun does not indicate how long he has been a practicing attorney, his firm biography suggests that he has been practicing since 2012, which would have made him a third-year associate when Robins Kaplan initially began working on this matter. (*See* LiCalsi Decl., Ex. C, ECF No. 51-5.) As evidenced by his firm biography, Kolcun has been involved in multiple representative matters, including as an associate at a class action law firm prior to joining Robins Kaplan. (*Id.*) Kolcun's requested rate is in line with rates recently approved by courts in this district for attorneys with comparable experience. *See TufAmerica*, 2016 WL 1029553, at *6 (finding as reasonable a rate of $375 per hour for a first-year associate and a rate of $425 per year for a second-year associate). However, without any further information as to why three different rates were appropriate for this matter, it is reasonable to utilize Kolcun's rate of $405 per hour in calculating attorneys' fees.

On the other hand, Defendants fail to provide sufficient identifying information (such as education or level of experience) concerning an "A. Shaw" and "S. Rozell," whose names each appear once in the firm's 2017 invoice for this matter, and "T. Adachi" whose name appears twice in the firm's 2016 invoice. (*See* LiCalsi Decl., Ex. A, ECF Nos. 51-1–3; LiCalsi Suppl. Decl., Ex. D. ("2017 Invoice"), ECF No. 60-1; Defs. Obj., Ex. A, ECF No. 64-1.) While Rozell is listed in the invoice as an "Associate," Shaw is a given the title of "Miscellaneous." (2017 Invoice at 7, 12.) Adachi is listed as a "Staff Attorney." (*See* LiCalsi Decl., Ex. A, ECF No. 51-2, at 6.) Because a

9

reasonable hourly rate cannot be determined on this information alone, the requested fees for Shaw, Rozell, and Adachi are excluded from this Court's award of attorneys' fees.

Defendants also fail to provide sufficient identifying information concerning "P. Peterson," who is identified in the 2016 invoice as a "Paralegal." (*See id.*) However, recent cases in this district suggest that the prevailing rate for paralegals is between $100 and $200 per hour. *TufAmerica Inc.* 2016 WL 1029553, at *6. Thus, based on the complete absence of identifying information, Peterson's hourly rate is reduced from $185 to $100. *See Yea Kim v. 167 Nail Plaza, Inc.*, 05 Civ. 8560 (GBD), 2009 WL 77876, at *9 (S.D.N.Y. Jan. 12, 2009) (reducing paralegal rates where no information was provided regarding their experience).

## B. Reasonable Hours Worked

As for the number of hours worked, Defendants provide detailed contemporaneous records specifying "the initials of the attorneys who performed the work, the date on which the work was performed, the hours expended to the nearest tenth of an hour, and a description of the work done." *TufAmerica Inc.*, 2016 WL 1029553, at *3. However, most of the time entries in the invoices are based on block billing. "Block billing, defined as 'aggregating multiple tasks into one billing entry,' is 'not prohibited,' but may 'make it exceedingly difficult for courts to assess the reasonableness of the hours billed.'" *Id.* (quoting *LV v. N.Y.C. Dept. of Ed.*, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010)). "For this reason, block billing combined with vague descriptions in the sparest of terms, . . . can justify the deduction of a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (citation and quotation marks omitted); *see also Soler v. G & U, Inc.*, 658 F. Supp. 1093, 1098–99 (S.D.N.Y. 1987) (reducing hours for vague block billing entries like "outline," "writing," and "research"). Here, a modest deduction of 10% for the

number of hours claimed is appropriate "as a practical means of trimming fat from a fee application[.]" *Kirsch v. Fleet St., Ltd.*, 149, 173 (2d Cir. 1998) (quoting *Carey*, 711 F.2d at 1146).

## C. Fee Calculations

Based on the foregoing, Defendants are entitled to an award of $83,417.45[3] in attorneys' fees.[4]

|             | Proposed Hours | Approved Hours[5] | Proposed Rate | Approved Rates | Fees Awarded |
|-------------|----------------|-------------------|---------------|----------------|--------------|
| P. LiCalsi  | 68.6           | 44.46             | $630          | $630           | $28,009.80   |
| M. Kolcun   | 144.2          | 124.92            | $405          | $405           | $50,592.60   |
|             | 81.2           | 11.61             | $418          | $405           | $4,702.05    |
| P. Peterson | 1.4            | 1.13              | $185          | $100           | $113.00      |
|             |                |                   |               | **TOTAL:**     | $83,417.45   |

## VI. COSTS CAN BE REASONABLY CALCULATED

The Report recommended that costs sought by Defendants be reduced by $159.66 for research costs incurred by "T. Adachi," whose fees it found were not warranted. (Report at 19.) Defendants do not object to this recommendation, and finding no clear error in it, this Court reduces Defendants' recoverable costs by $159.66 to $1,159.01.

---

[3] As argued by Plaintiff, and acknowledged by Defendants, this amount does not include time spent in relation to Defendants' motion for sanctions. (*See* Defs.' Obj. at 8.)

[4] Contrary to the Report's conclusion, the fact that this award stems from the work performed by merely two attorneys further supports, not undermines, the reasonableness of the fees incurred and awarded in this case.

[5] As noted, this Court awards fees for hours worked only between September 2016 and February 2017 and then reduces those hours by 10% to account for excessive use of block billing.

11

## VII. CONCLUSION

This Court ADOPTS Magistrate Judge Fox's Recommendation. Defendants' motion for attorneys' fees and costs is GRANTED. Plaintiff shall pay Defendants' reasonable fees in the amount of $83,417.45 and costs in the amount of $1,159.01.

The Clerk of the Court is directed to close the motion at ECF No. 49 accordingly.

Dated: New York, New York
       March 29, 2018

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge